STATE OF NEW JERSEY, EX REL. MAYER HARTMAN, RELATOR, v. FREDERICK BIGELOW, BUILDING SUPERINTENDENT OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, RESPONDENTS.

Argued October 5, 1926—Decided February 8, 1927.

Zoning—Garages Within Two Hundred Feet of a Church—Held, That Such a Restrictive Provision in an Ordinance is Sound —Held, Further, That Board of Adjustment, as the Law Stood at Time of Its Action, Could Not Vary the Terms of the Ordinance.

On alternative writ of *mandamus,* &c.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the relator, *Koehler & Augenblick.*

For the respondents, *Jerome T. Congleton* and *Charles M. Myers.*

PER CURIAM.

The pleadings in this case present for consideration the legal questions arising out of the matters of fact now to be stated.

The relator desired to erect a building subdivided into twenty-seven individual garages on a lot owned by him in the city of Newark. He applied to the building superintendent of the city for a permit. The building for which the permit is asked is within two hundred feet of a church. The building superintendent refused the permit because the zoning ordinance of the city expressly provides that "under no circumstances shall a permit be issued" for the erection of a public or commercial garage if any part of the lot in question is situated within a radius of two hundred feet of a church. The alternative writ was framed by the relator upon the assumption (and no doubt properly) that the build-

ing in question was prohibited by the terms of the ordinance. But the pleadings disclose that the board of adjustment, on his appeal thereto, varied the terms of the ordinance and "granted" the permit, and, therefore, the relator contends that a writ of *mandamus* should now issue to require the building superintendent to grant such permit, and that otherwise he is being deprived of a constitutional right.

We think the relator's position is unsound.

An ordinance of a city prohibiting the erection of a public or commercial garage on any lot situated within a radius of two hundred feet of a church is a reasonable regulation touching public health, safety and general welfare and is within the scope of the police power of the city, and is consequently valid. *Schait* v. *Senior,* 97 *N. J. L.* 390; *Bauer* v. *Paterson,* 132 *Alt. Rep.* 515.

The remaining question is whether the decision of the board of adjustment, on the appeal to it, is effectual to require the building superintendent to issue a permit for the erection of the building.

We think that it is not. The section of. the ordinance which prohibits the building in question was adopted by the board of commissioners of the city of Newark in March, 1924, as an amendment to the zoning ordinance. The action by the board of adjustment was taken February 4th, 1926, and we are therefore not concerned in this case with the powers conferred on the board by the act of March 31st, 1926. *Pamph. L., p.* 526. Now, it is true that under section 3 of the zoning ordinance, and by the statute (chapter 146 of *Pamph. L.* 1924, as amended by chapter 58 of *Pamph. L.* 1925) the board of adjustment has power to authorize, upon appeal in specific cases, "such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." But we think that neither the section of the ordinance in question nor the statute authorize the board of adjustment to compel the build-

ing superintendent to violate the specific instruction of the ordinance that "under no circumstances" shall "a permit be issued for the erection of a public or commercial garage within two hundred feet of a church. We think it is apparent that the granting of the permit for the erection of a garage within two hundred feet of a church would be contrary to the public interest as declared by the governing body of the city in the ordinance in question.

The writ must be denied. The respondents are entitled to judgment.