E. FRED OSTER, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF WESTWOOD, IN THE COUNTY OF BERGEN, ET AL., RESPONDENTS.

Submitted May 17, 1935—Decided September 11, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Frank Pascarella*.

For the respondents, *Leland F. Ferry, George F. Losche* and *Louis A. Mounier, Jr.*

BODINE, J. This writ of *certiorari* brings up for review a permit issued by the building inspector of the borough of Westwood upon the recommendation of the board of adjustment and the direction of the borough council to Harry Blauvelt for the erection of a public garage on premises on Third avenue in that borough. The premises are in a business zone but are within two hundred feet of a church, and the zoning ordinance forbids such a structure in such proximity to a church. Zoning Ordinance, section 9, subdivision c (2).

Under the Zoning act (*Pamph. L.* 1928, *p.* 701, § 9, *subdiv.* 3; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1249, § *136-4200J* (9) *subdiv.* 3), the board of adjustment has the following power: "To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done; and provided, that no such variance shall be made to grant or allow a structure or use in a district restricted against such structure or use unless the lands in respect of which the variance is made abut a district in which such structure or use is authorized by the zoning ordinance; and provided, further, that no such structure or use shall be allowed more than one hundred and fifty (150) feet beyond the boundary line of the district in which such structure or use is authorized by the zoning ordinance."

The building permit was for a modern one-story fireproof building to take the place of an unsightly wooden one. The trustees of the church made no objection, and but for the prohibition of the ordinance itself the action taken would have been within the sound discretion of the board.

The permit must, however, be set aside because there is nothing in the statute or the ordinance which permits the board to violate the specific instructions of the ordinance that no part of a garage shall be within two hundred feet of a church. Like ordinances have been held to be made in the exercise of a sound public policy and the grant of the permit held contrary to the public interest as declared by the governing body. *State, Hartman* v. *Bigelow,* 5 *N. J. Mis. R.* 227; 136 *Atl. Rep.* 201.